IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE WASHINGTON, | ) | No. C 10-0250 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS; FURTHER |
| v. | ) ) | SCHEDULING ORDER |
| D. SANDOVAL, D. SANDQUIST, K. TOWNSEND, A. MARTINEZ, J. CAROPRESO, | ) ) ) ) | (Docket No. 28) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On August 11, 2010, the Court found three claims cognizable, and directed the Marshal to serve named Defendants.  On January 7, 2011, Defendants filed a motion to dismiss based on improper joinder of claims and Defendants.  Plaintiff has filed an opposition. Defendants have filed a reply.  For the reasons that follow, Defendants' motion to dismiss is GRANTED.

**BACKGROUND**

Plaintiff's complaint first alleged that Defendants Sandoval, Sandquist, and Townsend were deliberately indifferent to his safety by failing to fix a toilet leak in his cell.  Plaintiff complained about it for several weeks, but no one completed the repair until after Plaintiff had slipped and fallen, injuring himself because of the water.  Second, Plaintiff's complaint alleged

P:\PRO-SE\SJ.LHK\CR.10\Washington250join.wpd

1  that Plaintiff had requested a reasonable accommodation to receive a replacement bed mattress in
2  order to support his lower back pains.  Plaintiff alleged that when Defendant Sandoval learned
3  that Plaintiff had complained about the delay in receiving the bed mattress, Sandoval subjected
4  him to retaliatory harassment and other acts, including creating a false Rules Violation Report,
5  which resulted in Plaintiff being found guilty of refusing a direct order.  Finally, Plaintiff's
6  complaint alleged that, while Plaintiff was in administrative segregation, investigating officers
7  Caropreso and Martinez were supposed to investigate whether Plaintiff's jaw fracture and other
8  injuries were sustained from a slip-and-fall, or from his cellmate.  Plaintiff intimated to
9  Caropreso and Martinez that he intended to file an administrative appeal if the investigation were
10 not timely.  Plaintiff alleges that Caropreso and Martinez retaliated against him and threatened to
11 never return him to the General Population if he filed an administrative appeal against them.

## DISCUSSION

13    Defendants allege that the three claims are not properly joined under Rules 18(a) and
14 20(a).  Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons
15 as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of
16 the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least
17 one question of law or fact common to all the defendants.  Fed. R. Civ. P. 20(a); *Coughlin v.*
18 *Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  Once a defendant is properly joined under Rule
19 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against
20 that defendant, irrespective of whether those additional claims also satisfy Rule 20.  *See* Fed. R.
21 Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir.
22 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule
23 20 relating to joinder of parties has been met with respect to the party against whom the claim is
24 sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party
25 was proper under Rule 20(a).").

26    The "same transaction" requirement in Rule 20 refers to "similarity in the factual
27 background of a claim; claims that arise out of a systematic pattern of events" and have a "very
28 definite logical relationship" arise out of the same transaction and occurrence.  *Bautista v. Los*

*Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (*quoting Coughlin*, 130 F.3d at 1350 and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960)).  In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351.  Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. *Id.*

    Plaintiff's three claims involve different transactions and occurrences.  The Defendants named in the failure to fix the toilet leak (Claim 1) are distinct from the Defendants named in the retaliation claim regarding the delay in the investigation into the cause of Plaintiff's jaw fracture (Claim 3), and the right to relief does not arise out of the same transaction or occurrence.  Further, the failure to fix the toilet leak (Claim 1) is unrelated to the claim of retaliation for filing a complaint regarding the delayed receipt of a bed mattress (Claim 2).

    Accordingly, the Court agrees with Defendants that Plaintiff's complaint violates Rule 20(a).  Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21.  Claim 1 names Sandoval, Thompson, and Sandquist.  They are properly joined under Rule 20(a).  Claim 2 names only Sandoval as a Defendant.  Because Sandoval is a properly joined Defendant under Rule 20(a), any additional claim against him, even though unrelated, may be properly joined. *See* Fed. R. Civ. P. 18(a).  The Court will dismiss Claim 3 because it names different defendants, and the right to relief does not relate to the same transaction as asserted in Claim 1.  The dismissal is without prejudice to Plaintiff asserting Claim 3 in a new action for which he pays a separate filing fee.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.    Defendant's motion to dismiss is GRANTED.  Defendants Caropreso and Martinez and the retaliation claim against them are DISMISSED without prejudice.

2.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims

in the complaint.

    a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P.

1  26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is
2  unreasonably cumulative or duplicative, or is obtainable from some other source that is more
3  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
4  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or
5  expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In
6  order to comply with the requirements of Rule 26, before deciding to promulgate discovery
7  Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which
8  could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel
9  will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and
10 N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to
11 meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he
12 intends to seek a motion to compel he must send a letter to Defendants to that effect, offering
13 them one last opportunity to provide him with the sought-after information.

14        8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
15 and all parties informed of any change of address and must comply with the Court's orders in a
16 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).

18        IT IS SO ORDERED.
19 DATED:   4/19/11
                                    _____
                                    LUCY H. KOH
20                                  United States District Judge

Order Granting Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.LHK\CR.10\Washington250join.wpd        6