1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

JESSE WASHINGTON,                            )    No. C 10-0250 LHK (PR)
                                             )
12          Plaintiff,                       )    ORDER GRANTING IN PART
                                             )    AND DENYING IN PART
13                                           )    DEFENDANTS' MOTION TO
      v.                                     )    STAY DISCOVERY; GRANTING
14                                           )    PLAINTIFF'S MOTION FOR
                                             )    EXTENSION OF TIME
15    D. SANDOVAL, et al.,                    )
                                             )    (Docket Nos. 47, 48)
16          Defendants.                      )
      _____)

17

18          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C.

19    § 1983, raising claims of deliberate indifference to safety, and retaliation.  On July 18, 2011,

20    Defendants filed a motion for summary judgment.  On August 8, 2011, Plaintiff filed a motion

21    requesting a stay of proceedings for the purpose of obtaining discovery.  The Court construes

22    Plaintiff's motion as a motion for an extension of time to file his opposition to Defendants'

23    motion for summary judgment.  The following day, Defendants filed a motion to stay discovery

24    pending disposition of the motion for summary judgment, in which they raise the defense of

      qualified immunity.

25          A district court has broad discretion to stay discovery pending the disposition of a

26    dispositive motion.  *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir.

27    1985).  Moreover, a district court should stay discovery until the threshold question of qualified

28    immunity is settled.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  Here, with respect to

1   Plaintiff's retaliation claim, Plaintiff alleged that Defendant Sandoval filed a false disciplinary

2   report against him in retaliation for Plaintiff's having filed a grievance against him.  Sandoval

3   alleges that he had no retaliatory motive in filing the report.  However, as instructed in

4   *Crawford-El*, the Court must assume the truth of Plaintiff's allegations.  Under Plaintiff's

5   version of the facts, reasonable persons in Sandoval's position could not have believed that

6   Sandoval's conduct was lawful.  *See Pearson v. Callahan*, 555 U.S. 223 (2009) (court

7   considering qualified immunity must determine whether (1) plaintiff has alleged deprivation of

8   constitutional right, and (2) whether the right was clearly established such that it would be clear

9   to a reasonable officer that his or her conduct was unlawful in the situation he or she confronted).

10  With respect to Plaintiff's deliberate indifference claim, at this time, there does not appear to be

11  any genuine issue of disputed fact, and thus Defendants' qualified immunity defense may have

12  merit.  Accordingly, the motion to stay discovery is GRANTED as to the deliberate indifference

13  claim, and DENIED as to the retaliation claim.

14          Plaintiff's motion for an extension of time is GRANTED.  He may conduct discovery

15  only as it relates to his retaliation claim.  Plaintiff shall file an opposition to Defendants' motion

16  for summary judgment no later than **October 15, 2011**.  Defendants shall file their reply no later

17  than **fifteen (15) days** thereafter.  If, after the motion has been fully briefed, the Court

18  determines that Defendants are not entitled to qualified immunity as to the deliberate

19  indifference claim, the Court will lift the stay of discovery and set new deadlines for the parties

20  to brief that issue.

21          This order terminates docket nos.  47 and 48.

22          IT IS SO ORDERED.

23

DATED:   9/19/11

24                                                              LUCY H. KOH
                                                                United States District Judge
25

26

27

28