IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | No. C 10-0250 LHK (PR) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL; DENYING REQUEST FOR PROTECTIVE ORDER; GRANTING MOTION FOR EXTENSION OF TIME |
| v. | |
| D. SANDOVAL, et al., | (Docket Nos. 52, 53) |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, raising claims of deliberate indifference to safety, and retaliation. On July 18, 2011, Defendants filed a motion for summary judgment. On September 19, 2011, the Court granted Plaintiff an extension of time to file his opposition to Defendants' motion for summary judgment, and granted in part Defendants' motion to stay discovery pending disposition of their motion for summary judgment.

On September 22, 2011, the Court received and filed Plaintiff's motion to compel discovery. However, Plaintiff's motion was mailed the day before the Court issued its order granting in part Defendants' motion to stay discovery. Because Plaintiff did not have the benefit of that order, his motion requests some items that are not now permitted to be sought in discovery. Thus, Plaintiff's motion to compel is DENIED without prejudice to renewal, if Plaintiff still believes he is entitled to discovery that he has not received.

Order Denying Motion to Compel; Denying Request for Protective Order; Granting Motion for Extension of Time
P:\pro-se\sj.lhk\cr.10\Washington250misc2

On October 17, 2011, Plaintiff filed a request for a protective order, and requested another extension of time to file his opposition to Defendants' motion for summary judgment. Specifically, Plaintiff alleges that the prison librarian has been denying his "Priority Legal User" requests to access the law library, and he wants a "protective order" requiring the prison warden to afford him "effectively and meaningful access to court" [sic]. The request is DENIED. First, there are prison procedures in place to determine who gets what access to the prison law library. Moreover, meaningful access to the law library is not necessarily equivalent to meaningful access to the courts. The Court does not have sufficient information to determine the accuracy of the librarian's decision to deny Plaintiff "Priority Legal User" status to the library, nor the effect that decision has on Plaintiff's ability to access the courts. Second, such an order directing the Warden to provide "meaningful access" to the courts or the library would be inappropriate at this stage because the United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of prison administration. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (federal courts should exercise restraint before interfering in the complex realm of prison administration). Under some circumstances, the prevention of accessing the library might rise to the level of violating an inmate's constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343 (1996), but such a claim would not accrue until Plaintiff suffered an actual injury, and relief would have to be sought in a new civil rights action. Thus, Plaintiff's request for a protective order is DENIED.

Finally, Plaintiff moves for another extension of time to file his opposition to Defendants' motion for summary judgment. Plaintiff's motion for an extension of time is GRANTED in part. Plaintiff shall file an opposition to Defendants' motion for summary judgment no later than **sixty (60) days** from the filing date of this order. Defendants shall file their reply no later than **fifteen (15) days** thereafter.

This order terminates docket numbers 52 and 53.

IT IS SO ORDERED.

DATED: 11/3/11

LUCY H. KOH
United States District Judge

Order Denying Motion to Compel; Denying Request for Protective Order; Granting Motion for Extension of Time
P:\pro-se\sj.lhk\cr.10\Washington250misc2
2