IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>D. SANDOVAL and D. SANDQUIST,<br><br>    Defendants. | No. C 10-0250 LHK (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

Plaintiff, currently incarcerated at California State Prison - Corcoran, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that Defendants Sandoval, Sandquist, and Townsend were deliberately indifferent to his safety, and retaliated against him during his incarceration at Salinas Valley State Prison ("SVSP"). On March 22, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment, stayed the action, and referred the matter to Magistrate Judge Vadas for settlement proceedings. On June 21, 2012, Magistrate Judge Vadas filed a minute order stating that the parties were unable to settle on the remaining retaliation claim. Currently pending before the Court are Defendants' motion for reconsideration, Plaintiff's motion for reconsideration, and Plaintiff's motion to appoint counsel.

**DISCUSSION**

I. <u>Defendants' motion for reconsideration</u>

Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the Court's order or belief that the Court is wrong in its decision are not adequate grounds for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Defendants request that the Court dismiss Defendant Sandquist from this action because Plaintiff does not sue Sandquist for the remaining retaliation claim. A review of Plaintiff's complaint reveals that Defendants are correct, and the Court inadvertently neglected to dismiss Defendant Sandquist from the order granting in part Defendants' motion for summary judgment. Accordingly, Defendant Sandquist is DISMISSED from this action.

II. <u>Plaintiff's motion for reconsideration</u>

Plaintiff filed objections[1] to the Court's order granting in part Defendants' motion for summary judgment. The Court construes Plaintiff's objections as a motion for reconsideration. So construed, the motion is denied for the reasons set forth below.

Plaintiff requests that the Court vacate its order granting Defendants Sandoval and Sandquist qualified immunity on Plaintiff's claim of deliberate indifference to safety. The Court granted Defendants qualified immunity after finding that the law was not so clearly established

---

[1] Plaintiff's motion for an extension of time to file objections is GRANTED.

1  as to when a slippery floor becomes a sufficiently substantial risk, and concluded that Plaintiff's
2  case fell somewhere between *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (recognizing that a
3  slippery floor could give rise to a constitutional claim where prison officials did not provide an
4  inmate on crutches with an accessible shower, despite their knowledge that the lack of an
5  accessible shower had already caused the inmate to fall and injure himself several times), and
6  *Jackson v. Arizona*, 885, F.2d 639, 641 (9th Cir. 1989) (recognizing that a bare complaint about
7  a slippery floor, without more, does not state a claim for cruel and unusual punishment).
8  Plaintiff attempts to persuade the Court that the facts show that Defendants violated a clearly
9  established law because his case is so factually similar to that in *Frost v. Agnos*, 152 F.3d 1124
10 (9th Cir. 1998). Plaintiff also argues that the Court overlooked these "indistinguishable" facts.

11         First, Plaintiff states that the toilet leak was inside his living quarters and continued for
12 almost 40 days – not 17 days – before prison officials came to address it. (Mot. at 5.) In the
13 Court's order, viewing the facts in the light most favorable to Plaintiff, the Court summarized
14 that Plaintiff noticed the in-cell toilet leak when he moved into the cell on June 10, 2008.
15 (Compl. at ¶ 5.) While Plaintiff states that his cellmate, Inmate Robinson, told Plaintiff that he
16 had already alerted Defendants Sandoval or Sandquist about the leak, Plaintiff was not specific
17 about when Robinson spoke with Defendants. Plaintiff alleged that he personally spoke with
18 Defendants about the toilet leak, specifically on July 1, 2008. (Pl. Decl. at ¶ 9.) Even assuming
19 that the leak was present from the date Plaintiff moved into his cell, i.e., June 10, 2008,
20 Plaintiff's evidence demonstrates that Plaintiff told Defendants about the leak on July 1, 2008 –
21 seventeen days before Plant Operations was contacted about the leak.

22         Next, Plaintiff says his medical condition was more serious than the inmate in *Frost*
23 because Plaintiff was not to be placed in triple bunks, Plaintiff could not walk any stairs, Plaintiff
24 was to remain on the lower tier, and Plaintiff was mobility impaired. The Court considered all
25 these facts prior to issuing its order. Although Plaintiff asserts now that the Defendants were
26 aware that Plaintiff could not walk without his cane, and that Defendants were present at
27 Plaintiff's Unit Classification Committee meeting on June 18, 2008, Plaintiff did not reveal this
28

Order Granting Defendants' Motion for Reconsideration; Denying Plaintiff's Motion for Reconsideration; Granting Plaintiff's Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.10\Washington250reconapptcounsel.wpd    3

information prior to the Court's order.  Further, Plaintiff's citations to portions of the record to support this assertion concern his requests for a replacement mattress to relieve Plaintiff's chronic lower back pain.  The record does not support Plaintiff's new assertions.

Third, Plaintiff claims that, like the inmate in *Frost*, Plaintiff repeatedly asked that the leaking toilet be fixed, Plaintiff be moved, or Plaintiff be transferred for safety reasons.  However, the only evidence of Plaintiff's requests appears to have occurred after Plaintiff had already slipped and fallen.  (Compl. at ¶ 39; Pl. Decl. at ¶¶ 41-42.)

In sum, the Court finds unavailing Plaintiff's argument that the Court overlooked certain facts as to warrant reconsideration of the Court's March 22, 2012 order granting in part Defendants' motion for summary judgment.  The Court considered Plaintiff's arguments prior to issuing the March 22, 2012 order.  Plaintiff's motion for reconsideration appears to be mere dissatisfaction with the Court's conclusion granting qualified immunity for the deliberate indifference claim, which is not an adequate ground for relief.  *See Twentieth Century - Fox Film Corp.*, 637 F.2d at 1341.  Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

III.     Plaintiff's motion for appointment of counsel

Plaintiff has moved for appointment of counsel to litigate the remaining retaliation claim against Defendant Sandoval.  It appears that the case will be tried.  The Court concludes that counsel should be appointed, and grants Plaintiff's motion.  This matter is referred to the Federal Pro Bono Project to find counsel.

The Clerk shall forward to the Federal Pro Bono Project: (i) a copy of this order, (ii) a copy of the docket sheet, and (iii) a copy of the operative complaint and relevant Court orders.  Upon an attorney being located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court.  All proceedings in this action are stayed until four weeks from the date an attorney is appointed to represent Plaintiff.

**CONCLUSION**

1.     Defendants' motion for reconsideration is GRANTED.  Defendant Sandquist is DISMISSED.

1       2.      Plaintiff's motion for reconsideration is DENIED.

2       3.      Plaintiff's motion for appointment of counsel is GRANTED.  This action remains

3  STAYED until further Court order.

4       IT IS SO ORDERED.

5  Dated: __8/2/12_____

   _____
6  LUCY H. KOH
   United States District Judge

Order Granting Defendants' Motion for Reconsideration; Denying Plaintiff's Motion for Reconsideration; Granting Plaintiff's Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.10\Washington250reconapptcounsel.wpd     5