UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE WASHINGTON,              ) | Case No.: 10-CV-250-LHK |
|                   Plaintiff,   ) | |
| v.                             ) | ORDER RE: RETALIATORY ACTS |
| D. SANDOVAL,                   ) | |
|                   Defendant.  ) | |

Before the Court is the issue of whether Plaintiff should be permitted to claim during trial that, in addition to Defendant's issuance of a Rule Violation Report against Plaintiff ("RVR"), Defendant's retaliatory acts include Defendant's failure to: (1) provide a new mattress; (2) have the toilet and sink leak in Plaintiff's cell repaired; and (3) provide religious vegetarian meals to Plaintiff. For the reasons set forth below, the Court finds that Plaintiff's retaliation claim is limited to the issuance of the RVR.

On March 22, 2012, this Court found that Defendant was entitled to qualified immunity as to Plaintiff's Eighth Amendment deliberate indifference claim because it was not clearly established that prison officials' conduct in responding to the toilet leak in Plaintiff's cell created a sufficiently serious deprivation of a human need so as to violate the Eighth Amendment. ECF No. 67 at 11-13. The Court denied summary judgment as to Plaintiff's First Amendment retaliation claim. *Id.* at 15-17. After an unsuccessful mediation pursuant to the Court's Pro Se Prisoner

1   Settlement Program, the Court appointed counsel to represent Plaintiff on October 2, 2012. *See*
2   ECF No. 85.

3   Plaintiff filed a First Amended Complaint on December 10, 2012. ECF No. 95. Then, on
4   January 9, 2013, Plaintiff filed a Second Amended Complaint ("SAC"). Plaintiff's SAC states that
5   the SAC was "filed in accordance with the December 31, 2012 stipulation between the parties
6   (Dkt. No. 97)." SAC ¶ 7. The SAC further states that "[t]he stipulation provided that Plaintiff's
7   Second Amended Complaint 'will include only the lone remaining cause of action: Plaintiff's
8   retaliation claim against Defendant Sandoval regarding the issuance of a rules violation report on
9   July 1, 2008, who will remain as the lone named Defendant.'" *Id.* (quoting ECF No. 97) (emphasis
10  added). Notably, Plaintiff does not describe the remaining claim as being predicated upon
11  Defendant's failures to: (1) provide a new mattress; (2) have the toilet and sink leak in Plaintiff's
12  cell repaired; and (3) provide religious vegetarian meals to Plaintiff.

13  The SAC's Prayer for Relief also states that the retaliation was Defendant's issuance of the
14  RVR. *See id.*, Prayer for Relief, ¶ 1 ("A judgment in favor of Plaintiff finding that Defendant
15  violated Plaintiff's rights under the 1st Amendment of the United States to be able to petition the
16  government without fear of reprisal *by issuing an unwarranted Rules Violation Report in reprisal*
17  *for Plaintiff's requests for accommodation of his disability*.") (emphasis added). On the other
18  hand, the SAC's Prayer for Relief does not represent that the following constitute retaliatory acts:
19  (1) Defendant's failure to provide a new mattress; (2) Defendant's failure to have the toilet and
20  sink leak in Plaintiff's cell repaired; and (3) Defendant's failure to provide religious vegetarian
21  meals to Plaintiff.

22  Moreover, the Court observes that, "a viable claim of First Amendment retaliation entails
23  five basic elements: (1) An assertion that a state actor took some adverse action against an inmate
24  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
25  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
26  correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citation omitted).
27  Plaintiff's SAC alleges each of these elements to establish a First Amendment retaliation claim
28  based on the issuance of the RVR. For example, for the first through third elements, that a state

actor took some adverse action against an inmate because of the inmate's protected conduct, the SAC states that "Defendant Sandoval issued the RVR in reprisal for Plaintiff's multiple requests for accommodation . . . ." SAC ¶ 26. For the fourth element, that the adverse action chilled the inmate's exercise of his First Amendment rights, the SAC states: "As a result of Defendant Sandoval's filing of the RVR, Plaintiff's exercise of his 1st Amendment rights have been chilled." *Id.* ¶ 29. For the fifth element, that the adverse action did not reasonably advance a legitimate correctional goal, the SAC states: "Defendant Sandoval's filing of the RVR did not reasonably advance a legitimate correctional goal." *Id.* ¶ 27. By contrast, the SAC does not allege these elements with respect to Defendant's failures to: (1) provide a new mattress; (2) have the toilet and sink leak in Plaintiff's cell repaired; and (3) provide religious vegetarian meals to Plaintiff.

Plaintiff has not previously articulated Plaintiff's theory that Defendant's failure to respond to these requests constituted the retaliatory acts of Plaintiff's First Amendment retaliation claim. Indeed, the first time the Court was advised of this theory was the July 19, 2013 Pre-Trial Conference. Given that the parties engaged in discovery and prepared for trial based on the understanding that the retaliatory act at issue is Defendant's issuance of the RVR, permitting Plaintiff to change the theory of Plaintiff's claim this close to trial, which will begin on July 29, 2013, would be prejudicial to Defendant.

The Court therefore precludes Plaintiff from arguing that Defendant's failures to: (1) provide a new mattress; (2) have the toilet and sink leak in Plaintiff's cell repaired; and (3) provide religious vegetarian meals to Plaintiff constitute retaliation. Plaintiff is also prohibited from seeking damages from injuries relating to the aforementioned failures. However, evidence of Plaintiff's repeated requests that Defendant correct the aforementioned living conditions and Defendant's failure to do so until Plaintiff was injured is relevant and admissible for the purpose of showing that Defendant's issuance of the RVR was for retaliatory reasons. For example, Defendant's failure to repair the toilet and seat leak in Plaintiff's cell until Plaintiff was injured is probative of Defendant's attitude towards Plaintiff and Plaintiff's requests for improvements to his living conditions.

3

Case No.: 10-CV-250-LHK
ORDER RE: RETALIATORY ACTS

**IT IS SO ORDERED.**

Dated: July 25, 2013

_____
LUCY H. KOH
United States District Judge